IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

DEWAYNE RANGE,                :
                              :
      Petitioner,            :
                              :
  VS.                         :       1 : 10-CV-118 (WLS)
                              :
BRUCE CHATMAN, Warden,        :
                              :
      Respondent.            :

## RECOMMENDATION

The Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2002 Sumter County conviction for armed robbery. (Doc. 1). Following a jury trial, in which Petitioner was found guilty, the Petitioner was sentenced to twenty (20) years. Petitioner's conviction and sentence were affirmed on direct appeal in 2008. *Range v. State*, 289 Ga.App. 727, 658 S.E.2d 245 (2008).

Petitioner filed a state habeas petition on May 1, 2008 in the Superior Court of Johnson County. (Doc. 8-1). Following an evidentiary hearing, the state habeas court denied relief on February 2, 2010. (Doc. 8-3). Petitioner's application for a certificate of probable cause to appeal was denied on July 12, 2010. (Doc. 8-4). Petitioner filed this federal habeas petition on September 3, 2010, and a subsequent amendment, mistakenly filed by the Clerk initially as a separate federal habeas petition, was filed on March 24, 2011 . (Docs. 1, 9, 10).

### Factual Background

This Court is "bound under 28 U.S.C. § 2254[(e)] to afford factual findings of state [appellate] courts a presumption of correctness." *Towne v. Dugger*, 899 F.2d 1104, 1106 (11th Cir. 1990); *Paxton v. Jarvis*, 735 F.2d 1306, 1308 (11th Cir. 1984). The habeas petitioner "shall

have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).  The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") thus retains the statutory presumption of correctness that is to be afforded state courts' factual findings.  *Id.*  Inasmuch as no dispute has been raised herein regarding the findings of fact issued by the Georgia Court of Appeals, said findings are hereby adopted.  *See Range,* 658 S.E.2d at 246.

### Standard of Review

Pursuant to 28 U.S.C. § 2254 (d)(1), a federal court may not grant habeas relief on the basis of a claim adjudicated on the merits in state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  In interpreting this portion of the federal habeas rules, the Supreme Court has ruled that a state decision is "contrary to" clearly established Supreme Court precedent if the state court either (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) confronts facts that are "materially indistinguishable" from a relevant Supreme Court precedent and arrives at an opposite result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Moreover, the Court held that "[u]nder § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Id*. at 411. An unreasonable application of Supreme Court precedent occurs "if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of

the particular state prisoner's case." *Id.* at. 407. "In addition, a state court decision involves an unreasonable application of Supreme Court precedent 'if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000) (quoting *Williams*, 529 U.S. at 407).

Accordingly, the Petitioner must first establish that the state habeas court's adjudication of his claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In other words, as this is a post-Anti-Terrorism and Effective Death Penalty Act ("AEDPA") case, the Petitioner herein may obtain federal habeas relief *only* if the challenged state court decision was either contrary to or an unreasonable application of Federal law as determined by the Supreme Court, or if the state court issued an unreasonable determination of the facts. *Williams*, 529 U.S. at 405; *Early v. Packer*, 537 U.S. 3, 7 (2002); 28 U.S.C. § 2254(d).

### Petitioner's Habeas Claims

In his original and amended Petitions for federal habeas relief, the Petitioner sets forth four grounds for relief. (Docs. 1, 10). As noted by the Respondent, the two grounds set out in the Petitioner's amended Petition are substantively identical to Grounds 1 and 2 of the original Petition. The Respondent alleges that all of the grounds raised by Petitioner are procedurally defaulted, as the Petitioner failed to raise these claims in the state courts.

Under Georgia law, any grounds for habeas relief not raised in an original or amended habeas petition

3

>are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

O.C.G.A. § 9-14-51.

In *Chambers v. Thompson*, 150 F.3d 1324, 1327 (11th Cir. 1998), the Eleventh Circuit made it clear that "[t]he Georgia statute [O.C.G.A. § 9-14-51] restricting state habeas review of claims not presented in earlier state habeas petitions can and should be enforced in federal habeas proceedings against claims never presented in state court, unless there is some indication that a state court judge would find that the claims in question 'could not reasonably have been raised in the original or amended [state habeas] petition.'" Herein, no such indication exists, and Petitioner has failed to provide any reason the claims could not reasonably have been raised on appeal or in his state habeas petition.

A state prisoner may not obtain federal habeas relief on a claim that the state courts refused to consider or would refuse to consider due to his failure to timely raise the claim at trial and/or on appeal, unless the petitioner can establish cause for the failure and actual prejudice resulting therefrom, or a fundamental miscarriage of justice if the federal court does not consider the claims. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Coleman v. Thompson*, 501 U.S. 722, 724 (1991). Both cause and prejudice must be established in order to overcome the procedural bar, and the burden of demonstrating cause and prejudice lies with the Petitioner. *McCoy v. Newsome*, 953 F.2d 1252, 1260 (11th Cir. 1992). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 480, 488 (1986).

Herein, the Petitioner did not raise any of his grounds for relief in the state proceedings below, rendering the claims procedurally defaulted.  The Petitioner has not established cause and actual prejudice to excuse the procedural default of these claims, nor has he established a fundamental miscarriage of justice if his claims are not heard.

*Conclusion*

Inasmuch as none of the grounds raised by the Petitioner will support the granting of federal habeas relief,  **IT IS RECOMMENDED** that this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED**.  Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order.  If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 7th day of March, 2012.

                         **s/   *THOMAS Q. LANGSTAFF***

                         **UNITED STATES MAGISTRATE JUDGE**