**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| DEWAYNE RANGE, | : |
| Petitioner, | : |
| v. | : CASE NO.: 1:10-CV-118 (WLS) |
| BRUCE CHATMAN, Warden, | : |
| Respondent. | : |

**ORDER**

Before the Court is a Recommendation from United States Magistrate Judge Thomas Q. Langstaff, filed March 7, 2012. (Doc. 15.) Judge Langstaff recommends that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be denied because none of the grounds for relief raised therein were raised in the state proceedings below, rendering the claims procedurally defaulted. (*Id.* at 5.) Per Judge Langstaff, Petitioner has not established cause and actual prejudice to excuse the procedural default of these claims, nor has he established a fundamental miscarriage of justice if his claims are not heard. (*Id.*) Finally, Judge Langstaff recommends that Petitioner be denied a certificate of appealability. (*Id.*)

On March 21, 2012, Petitioner timely filed an objection to Judge Langstaff's Recommendation. (Doc. 16.) Therein, Petitioner states that he did not fail to raise his claims for relief in his state habeas proceedings. Specifically, Petitioner states that a "review of the record will show that the bound over hearing issue was presented although not very well articulated at the time." (*Id.* at 3.) Thus, Petitioner queries whether the fact that "the constitutional nature of the claim was asserted is said fact

1

enough to overcome procedural bar and require a further hearing on the issue?" (*Id.*) Petitioner also sought to include new grounds for relief not mentioned in his petition. (*See generally id.*)  In total, Petitioner raises Eight (8) grounds for relief in his Objection.  Grounds 1, 2, 5, and 6 are restatements of the portions of Grounds 1 and 2 of the original federal petition and Ground 1 of the amended petition challenging whether the state court retained jurisdiction to try Petitioner as an adult and Petitioner's lawyer's failure to raise this issue.  Grounds 3, 4, and 7 are new grounds for relief.  Ground 8 and portions of Ground 1 set forth Petitioner's actual challenges to Judge Langstaff's conclusion that Petitioner's federal habeas claims are subject to procedural default.

After reviewing Petitioner's objection, the Court finds that it should be overruled. The Court agrees with Judge Langstaff's finding that all of the grounds raised by Petitioner in his current habeas petition are now procedurally defaulted due to Petitioner's failure to raise them in the state proceedings below.[1]  The Court further concurs in Judge Langstaff's finding that Petitioner has failed to establish cause and actual prejudice to excuse the procedural default of these claims, or that a fundamental miscarriage of justice will result if his claims are not heard.  The Court does note that Petitioner did raise the issue of whether he was properly tried as an adult at the evidentiary hearing held during his state habeas proceedings.  (Doc. 8-5 at 5.)  However, Petitioner did not raise this ground for relief in his state habeas petition, nor is there any evidence that Petitioner ever filed an amended petition asserting this ground.  Georgia law requires that grounds for habeas relief be raised in the original or amended petition. O.C.G.A. § 9-14-51 ("All grounds for relief claimed by a petitioner for a writ of habeas

---

[1] Petitioner's state habeas petition only included two grounds for relief: 1) sufficiency of the evidence and 2) ineffective assistance of counsel for failure to have Petitioner seen by a doctor before the hearing and failure to "investigate the matter properly by not making good preparation."  (Doc. 8-1 at 4.)  The state court judge found that neither ground provided any basis for relief.  (Doc. 8-3 at 3-4.)

2

corpus shall be raised by a petitioner in his original or amended petition.")  Thus, Petitioner has failed to provide the Court with any reason to reject Judge Langstaff's procedural-default conclusion.

As for the new grounds for relief set forth in Petitioner's objection to Judge Langstaff's Recommendation (Grounds 3, 4, and 7), Petitioner did not raise any of these grounds in his original or amended federal habeas petitions.  Accordingly, these claims are not properly before the Court, and Petitioner may not amend his federal petition via an objection to the magistrate's recommendation.  *Eldridge v. Hart*, No. 5:07-cv-464 (WLS), 2010 WL 5439780, at *3 (M.D. Ga. Dec. 28, 2010) (overruling and denying new claims for relief raised for the first time in petitioner's objection).

Therefore, upon full review and consideration upon the record, the Court finds that said Report and Recommendation (Doc. 15) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein.  Accordingly, the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.  The Court further **DENIES** Petitioner a certificate of appealability, as Petitioner has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).

**SO ORDERED**, this   9th   day of July, 2013.

/s/   W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**